UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00064-MOC-DSC

| DWIGHT POWELL, | ) | |
| --- | --- | --- |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| BEST BUY CO. INC., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court on three Motions to Dismiss on the grounds that service of process was insufficient as a matter of law and that Plaintiff fails to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6). (Doc. No. 5).

### I. PROCEDURAL BACKGROUND

Plaintiff commenced this action against Best Buy by filing a Complaint on January 6, 2021 in the General Court of Justice, District Court Division, Mecklenburg County, North Carolina, bearing file number 21-CVM-86. The Complaint alleges that Best Buy "knowingly and willingly added a Hard Pull to [Plaintiff's] credit without [his] consent causing [his] credit to be damaged." Compl. ¶ 2.[1] The Complaint asserts a right to recover punitive damages and damages for emotional distress. Additionally, Plaintiff includes a claim for conversion of his credit report.

---

[1] Best Buy branded credit cards are actually issued by Citibank, N.A., a national banking association headquartered in Sioux Falls, South Dakota, thus Best Buy reserves the right to contest whether it is even the proper party for the claims asserted in this action. See Best Buy Credit Cards: Rewards & Financing, https://www.bestbuy.com/site/misc/financing-rewards/pcmcat102500050032.c?id=pcmcat102500050032

1

On February 10, 2021, Best Buy removed this action to the United States District Court for the Western District of North Carolina, bearing civil action number 3:21-CV-64-MOC-DSC on the grounds that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II.  STANDARD OF REVIEW

A court cannot obtain jurisdiction over a defendant without that defendant first being served with process. See Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir.), reh'g en banc denied, 1991 WL 117311 (7th Cir.1991) ("The court has long recognized that valid service of process is necessary in order to assert personal jurisdiction over a defendant."); Hickory Travel Systems, Inc. v. Tui AG, 213 F.R.D. 547, 551 (N.D. Cal. 2003) ("A party must be properly served for the Court to obtain personal jurisdiction over that party."). Therefore, if process or service is insufficient, the court lacks the jurisdiction over the defendant and a judgment entered therein is invalid. See Recreational Props., Inc., v. Southwest Mortgage Serv. Corp., 804 F. 2d 311, 314 (5th Cir. 1986) ("If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside.").

"A Rule 12(b)(5) motion is a proper means of raising any procedural defense related to service." Wilson v. Kenny, 941 F.2d 1208 (4th Cir. 1991). A United States district court can grant a defendant's Rule 12(b)(5) motion to dismiss if the district court deems that there was insufficient service of process. See Hyman v. City of Gastonia, 466 F.3d 284, 286 (4th Cir. 2006). Once the defendant challenges service, "[t]he plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4" of the Federal Rules of Civil Procedure. Plant Genetic Systems, N.V., v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996); see Hickory, 213 F.R.D. at 551. Rule 4 is "there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v.

2

Penrod-Stauffer Building Systems, Inc., 733 F.2d 1087, 1089 (4th Cir.1984). Thus, a court may properly dismiss a complaint for the plaintiff's failure to comply with Rule 4. See Brown v. Blue Cross & Blue Shield of North Carolina, 226 F.R.D. 526 (M.D.N.C. 2004).

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Id.) (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Id.). However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether

the allegations plausibly give rise to an entitlement to relief. (Id. at 679).

### III. DISCUSSION

#### A. Insufficient Service of Process

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). "[B]efore a federal court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant . . . Absent consent, there must be authorization for service of summons the defendant. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 97 (1987).

Plaintiff commenced this action in state court and therefore was bound to the North Carolina Rules of Civil Procedure at the time he served the Civil Summons and Complaint against Defendant Best Buy. See FED. R. CIV. P. 81(c) (federal rules of civil procedure apply after removal). Under North Carolina law, foreign corporation may be served in the following ways:

> a.  By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
> b.  By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c.  By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
> d.  By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt.

N.C. R. CIV. P. 4(j)(6).

The North Carolina Secretary of State identifies "CT Corporation System" as the

registered and authorized agent to accept service of process on behalf of Best Buy Co., Inc at the address "160 Mine Lake Ct Ste 200, Raleigh, NC 27615-6417." (See Doc. No. 6-1). The Secretary of State website also provides that "7601 Penn Avenue S., Richfield, MN 55423" is the mailing and principal office address. Plaintiff did not attempt service at either of these addresses.

On January 26, 2021, the Complaint and Summons was delivered by sheriff to an address "10221 Premeter Parkway Charlotte, NC 28216"2 and to an individual listed as "Deron Pittman – Loss Prevention". See Exhibit B. While there is a Best Buy retail store located at "10221 Perimeter Parkway, Charlotte, NC 28216," the limited return of service provided by the Sheriff does not prove that Deron Pittman was an agent authorized by law or appointment to accept service of process on behalf of an out of state corporation. Best Buy is a multinational electronics retailer headquartered in Richfield, Minnesota. Accordingly, as it relates to Rule 4 of the North Carolina Rules of Procedure, Best Buy's "office" is in Richfield, Minnesota. A copy of the summons and complaint must be left in the office of an officer, director, or managing agent of defendant corporation with the person who is apparently in charge of the office. See City of Durham v. Lyckan Dev. Corp., 26 N.C. App. 210, 218 (1975) (finding that the defendant corporation was not properly served where the summons and complaint were delivered to an individual, who was not shown to be in charge of the office, nor an office, director, or managing agent).

For the above reasons, service was not proper and therefore this Complaint will be dismissed for insufficient service of process.

### B. Failure to State a Claim

Because the court resolves this case on Rule 12(b)(5) grounds, the court will not proceed to a 12(b)(6) analysis.

5

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss for Insufficient Service of Process; therefore, Plaintiff's Complaint is dismissed **WITHOUT PREJUDICE**.

**IT IS, THEREFORE, ORDERED** that:

1. The Motions to Dismiss for Insufficient Service of Process, filed by Defendants, (Doc. No. 5) is **GRANTED**.

Signed: March 22, 2021

Max O. Cogburn Jr
United States District Judge